## In re Deposit of Public Moneys

*David B. Roberts*, for petitioner.

ELLENBOGEN, J., July 5, 1944.—On March 26, 1928, this court, by order duly entered at the above number and term, directed the prothonotary to deposit in his official capacity as prothonotary all moneys paid into court with certain banks in an interest-bearing account

"at a rate of interest not less than 2½ percent on daily balances". In a later order it was specified that the account is to be kept "in the name of the Court of Common Pleas of Allegheny County, Pennsylvania". The order was amended on May 2, 1933, at the request of the bank depository, and the rate of interest was reduced to two percent. Carrying out the terms of the order of March 26, 1928, the prothonotaries in office have deposited all moneys paid into court with said bank depositories in accounts held in the name of "the Court of Common Pleas of Allegheny County". Until 1933, these accounts bore interest as provided in the order of court.

On January 6, 1944, the Honorable David B. Roberts, newly-elected Prothonotary of the Court of Common Pleas of Allegheny County, addressed a communication to the president judge for transmission to the board of judges in which he stated that, as of January 1, 1944, there was on deposit in an account in the name of this court with the Union Trust Company of Pittsburgh the sum of $63,340.14, which included the sum of $3,564.91 accumulated interest, and that as of the same date, January 1, 1944, there was on deposit with the Peoples-Pittsburgh Trust Company in the account kept in the name of this court the sum of $22,608, which included accumulated interest in the sum of $3,172.85. In his communication Mr. Roberts expressed his opinion that the accumulated interest totaling $6,737.76 should be turned over to the general fund of the County of Allegheny "in order that the taxpayers of Allegheny County shall have the benefit of moneys thus accumulated".

After receipt of this communication, this court, through the county commissioners, requested the county controller to make an audit of the court funds. This audit was made by the county controller and was returned to this court with communications of the controller and the county solicitor. They have been or-

dered filed at the above number and term. These audits show accumulated interest in the court account on deposit with the Union Trust Company, Union Savings Branch, of $3,564.91, and in the court account on deposit with the Peoples-Pittsburgh Trust Company accumulated interest of $3,172.85. The interest involved was earned on moneys paid into court in cases where two or more persons claimed to be entitled to the same fund. The court acted as a stakeholder. It must be noted that these various items were not paid to the prothonotary as a deposit for fees, but were paid into court to await the disposition of the court as to the lawful owner thereof. The litigants who paid these various sums into court or who claimed them fully understood at the time that, after the court had decided the lawful owner, the amount involved would be paid out, less poundage and without interest, and the litigants have not made any claim to the interest nor would such claims be sustained if made. The prothonotary in office could have no claim to the interest earned because the money was not paid into his hands but into the custody of the court and in depositing the money in the court account the prothonotary only acted as the agent and at the direction of the court. Nor does the present prothonotary or any of his predecessors make claim to the interest. In fact, as we have already stated, the present prothonotary, Mr. Roberts, has asked that the money be paid into the general fund of the county. The predecessor to Mr. Roberts, William H. Frasher, also makes no claim to this fund. Indeed, on May 17, 1944, he executed a formal waiver of any claim to this fund or to any other fund. This waiver has been presented to the court and will be filed at no. 895, April term, 1944.

The court believes that it is in the public interest that the interest on these funds be paid into the general fund of the county for the benefit of the taxpayers of Allegheny County. We will so order.